**WEST DISINFECTING CO. v. UNITED STATES PAPER MILLS, Inc., et al.**

**No. 4287.**

Circuit Court of Appeals, Third Circuit.

July 3, 1930.

Rehearing Denied Dec. 1, 1930.

E. Clarkson Seward and W. Saxton Seward, both of New York City, and James Gardner Sanderson, of Scranton, Pa., for appellant.

Edmund C. Wingerd, of Chambersburg, Pa., Herbert J. Jacobi and William J. Jacobi, both of Washington, D. C., and L. L. Kalish, of Philadelphia, Pa., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

BUFFINGTON, Circuit Judge.

In the court below, the West Disinfecting Company, a corporate citizen of New York and herein called plaintiff, filed a bill against the United States Paper Mills, Inc., a corporate, and Courtney P. Winter, an individual, citizen of Pennsylvania, hereafter called defendants, praying they be decreed to convey to plaintiff letters patent No. 1,625,566, granted April 19, 1927, to Courtney P. Winter and Duncan A. Rosenthal. It further charged him with infringing patent No. 1,399,098 granted December 6, 1921, to Courtney P. Winter for a folding machine. The case was by stipulation referred to a master, who heard testimony and filed a report, wherein he held the plaintiff was not entitled to a transfer of the patent No. 1,625,-566, and that defendants did not infringe patent No. 1,399,098. On hearing, the court

below overruled exceptions to the master's report and entered a decree dismissing the bill. Thereupon plaintiff took this appeal.

The underlying question is the construction and application of a contract made October 13, 1920, between the defendant Winter and the plaintiff. So far as here pertinent, the facts are that the plaintiff used in its factory a paper folding machine of the ordinary type. Winter, who was then in plaintiff's employ and pay, made an improvement which consisted in an auxiliary attachment to the machine and which enabled the machine of the old type to detach the perforated sheets and thereafter fold them and thereby effect certain desirable results. The contract provided for the prosecution of a patent therefor and its assignment thereof to the plaintiff. Contemplating that Winter might make other improvements on the plaintiff's then machine, and that such improvements involved inventions which might be patentable, the contract provided:

"VIII. The party of the first part hereby gives and grants to the party of the second part the sole and exclusive license to manufacture under, use, operate, produce and control throughout the United States of America, said *folding machine* covered by said application or by Letters Patent to be granted thereon, *and* upon all improvements *thereon* or variations *thereof*, for the full term for which said Letters Patent are or may be granted, and the party of the second part will procure and execute all papers necessary to the fulfillment of such agreement.

"IX. Said party of the first part shall promptly inform the party of the second part of any improvements he may invent or discover upon or affecting *said folding machine* and shall execute all documents necessary or proper as may be required by said party of the second part in order to *apply for Letters Patent thereon.*"

■ The improvement of the machine under way at the making of the contract was perfected, patented, and the plaintiff accorded full enjoyment thereof as provided by the contract. Subsequently and while Winter was still under the employ and pay of the plaintiff, Winter, in conjunction with Duncan A. Rosenthal, but without informing the plaintiff thereof, discovered a device which could be added to the old type machine to take the place of the attachment of his first patented attachment. This later device enabled the original machine to greatly increase the output it was able to make by Winter's first device. The plaintiff claims Winter's

second device is covered by the contract provision that plaintiff was to have not only "said folding machine covered by said application or by Letters Patent granted thereon," but, in addition, to have the enjoyment "upon all improvements thereon or variations thereof" and "of any improvements he (Winter) may invent or discover upon or affecting said folding machine." From the foregoing it seems clear to us that what the parties had in view when this contract was made was not the technical provisions of the patent law but the improvement of a folding machine such as it was then using. To effect such improvement the contract provided for the plaintiffs obtaining not only the then discovered improvement Winter had made on the old folding machine and which was embodied in his patent application therefor, but it also contemplated that Winter might make "improvements thereon," or "variations thereof," or improvements "affecting said folding machine." Such being the designation by the parties of the undiscovered possibilities, for which the contract provided, looking toward the betterment of the folding machine, the question is: Did Winter's second device constitute "improvements thereon," "variations thereof," "affecting said folding machine." The very thorough and able discussion and decision by the master—and the court in its opinion adopted the master's view —turns on the question whether Winter's second device infringes Winter's first patent. But this in our judgment overlooks the fact that the contract was not restricted to improvements which infringed the original patent but contemplated devices which could be made the subject of other and further patents and which patents should be applied and which if "improvements thereon," "variations thereof," "affecting said folding machine" were to be assigned. It must be borne in mind that what the parties had before them and what constituted the subject-matter of the contract was the common folding machine of the old art, that the then device of Winter the parties had in view and which they hoped would be patented was an "improvement thereon," a "variation thereof," and a device "affecting said folding machine." If then these terms aptly describe what Winter secured by his first patent, the contract makes clear that the second device and the second patent which the contract contemplated, provided for, and meant should be assigned, should apply to other devices having such qualities or characteristics. In other words, the future and further patentable devices which it contemplated Winter might make

were improvements, not on his then made improvement, but improvements on the original machine as a whole. For it will be borne in mind that the inventive feature of Winter's first device, as well as of his second, is not a complete, operative machine, but attachments to the folding machine of the old art. Unattached to such machine, neither of them would have operative functional power.

Touching the general similarity of the two attachments, the master correctly says:

"The plaintiff repeatedly emphasizes the novel character of the invention, in that the material was folded by the action of rotating devices which turned on axes substantially parallel with the plane or line of the feed of the paper, and claims that none of the prior patents cited shows in any form the embodiment just described. The expert for the defense agrees that this construction, *which is common to the machine of plaintiff and defendants*, is novel."

We accordingly hold that Winter's second device was one covered by the contract.

But we have not been convinced that the prima facies arising from the grant of patent No. 1,625,566 to Winter and Rosenthal jointly has been overcome. Finding therefore as we do that they were joint inventors and Winter's undivided one-half alone is subject to the contract in question, we hold that his one half should be assigned to the plaintiff, but as the other half is owned by Rosenthal, the president of the defendant company, and presumably it is using it with his consent, no decree for infringement thereof or of accounting therefor will be decreed against it.

As to the alleged infringement of patent No. 1,399,098, the master found that while Winter's invention may have entitled him to make broader claims than he made, the restricted claims granted him on the folding machine he showed were not broad enough to cover the improvement shown in second device. Without entering into details and restating the satisfactory analysis made by the master on such question of infringement, we limit ourselves to saying we agree therewith.

The record will therefore be remanded to the court below with instructions

First. To dismiss the bill as to patent No. 1,399,098.

Second. To order the defendant Winter to transfer his undivided half interest in patent No. 1,625,566 to the plaintiff company.

Third. To dismiss the bill as to the United States Paper Mills, Inc.

Fourth. To order, as to the costs in this court and the court below, that the plaintiff pay one half thereof and the defendant the other half.