## STATE v. GERALD EDWARD WINGE.

144 N. W. (2d) 704.

August 5, 1966—No. 39,930.

*Shanedling, Phillips, Gross & Aaron* and *Delroy J. Gorecki,* for appellant.
*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant appeals from a burglary conviction. The issue is whether the introduction of admissions and confessions elicited before defendant was advised of his right to counsel and his right to remain silent constituted a denial of counsel under U. S. Const. Amend. VI and Minn. Const. art. 1, § 6.

The record indicates that shortly after midnight on December 24, 1964, defendant and one Dennis Kaczmarczyk forcibly entered the Armature Rewinding Company, a business establishment at 125 27th Avenue Northeast, Minneapolis, and attempted to break into a coin-operated vending machine. The police, having been alerted by an alarm, surrounded the premises and took Kaczmarczyk into custody as he jumped out a window. Although defendant had been sighted in the building, he managed to escape from the scene. However, at about 2 o'clock that morning, the police arrived at his home and arrested him.

One of the officers testified that after defendant was taken into custody and told that he was under arrest, the following occurred in the squad car:

"A   As I recall it (this would be Winge's opening statement) was 'How did you get onto me?'; and I recall I said back that 'your accomplice was caught at the scene,' and he replied again to me, he said, 'Then Pooch [Kaczmarczyk] blew the whistle,' or 'It was Pooch that blew the whistle,' words to that effect, I don't recall exactly what they were.

"Q   What did you reply to that?

"A   I at that time, I made some comment such as 'I don't know what the hell is wrong with you pulling a stunt like this.'

"Q   What was the next thing that was said?

"A   Well, he become sullen and really didn't seem like he wanted to talk and I told him that it really didn't make any difference if he made any statements to us or not but as long as it was his first time around on crime probably it would be of benefit to him to get this squared up."

Thereafter defendant recited to the officer the details of the burglary and his participation in it.

At the station defendant was permitted to telephone his wife. He does not claim that he either asked permission to call an attorney or was in any way discouraged from doing so. He signed a confession about 2 hours after he was taken into custody, prior to which time the police did not specifically advise him of his right to counsel or his right to remain silent.

1. In a series of recent decisions we have pointed out that good police practice requires that before an accused is interrogated he should be promptly advised of his right to counsel, of his right to remain silent, and of the fact that his statements may be used against him. The failure of the police

to proceed in this manner has a significant bearing on the question of whether a defendant's admissions and confessions are voluntary.[1] However, we have held that the absence of such a warning does not in itself make a confession inadmissible.[2] Only where the accused has been denied his constitutional rights by the affirmative conduct of police,[3] or an admission or confession has been elicited by psychological or physical coercion or by other means which render it involuntary, will such evidence be excluded.[4] In the case before us there is no claim that defendant's statements were involuntary, and under the Minnesota cases referred to, we hold they were properly received.

2. With respect to the trial of criminal matters conducted from and after June 13, 1966, admissions and confessions will not be admissible in the absence of a prior warning that the accused has a right to remain silent and a right to counsel, and that his statements may be used against him. The governing principles have now been enunciated by the United States Supreme Court in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, and Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. ed. (2d) 882. Describing them "with some specificity" in the Miranda case, the Supreme Court said (384 U. S. 444, 86 S. Ct. 1612, 16 L. ed. [2d] 706):

"* * * [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there

[1] State v. Taylor, 270 Minn. 333, 337, 133 N. W. (2d) 828, 831; State ex rel. Anderson v. Tahash, 273 Minn. 499, 142 N. W. (2d) 94.

[2] State ex rel. Ogg v. Tahash, 273 Minn. 187, 194, 140 N. W. (2d) 692, 697; State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 548, 141 N. W. (2d) 3, 10.

[3] State v. Housker, 273 Minn. 42, 43, 139 N. W. (2d) 474, 475.

[4] State v. Madson, 274 Minn. 145, 142 N. W. (2d) 724.

can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned."

Inasmuch as the Miranda decision has by the Johnson case been given prospective application only, it follows that the statements of which defendant complains were properly admissible at the time of trial, and the conviction must therefore be affirmed.

Affirmed.