STATE EX REL. ARLAND L. GERBERDING v.
RALPH H. TAHASH.

146 N. W. (2d) 541.

October 28, 1966—No. 39,937.

*Robert A. Minish,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, warden of State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the district court dismissing a writ of habeas corpus and remanding defendant to the custody of the respondent warden. The defendant is serving time for escape and first-degree robbery. The appeal alleges denial of constitutional rights in that it is asserted his conviction was obtained by use of a confession which the police procured without advising defendant of his right to counsel and of his right to remain silent, in violation of principles expressed in Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977, and that the issue of voluntariness of the confession was not properly submitted to the jury in accordance with principles expressed in Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908. It is also contended that an incorrect procedure was used in sentencing. It is claimed that in increasing punishment under the Habitual Criminal Act

then in force, Minn. St. 1961, § 610.28, et seq., the court considered prior convictions which were either invalid or obtained without assistance of counsel contrary to the decision of the United States Supreme Court in Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. ed. (2d) 799.

It appears from the record that on May 26, 1954, following a verdict of guilty defendant was sentenced in Ramsey County District Court for a period not to exceed 80 years for the offense of first-degree robbery. On the same day he was sentenced for a term of 14 years on a plea of guilty to the charge of escape. These sentences as imposed do not provide that they shall run concurrently. Prior to their imposition the prosecuting attorney filed informations charging three prior felony convictions, one of second-degree grand larceny and two of third-degree burglary. Defendant was sentenced on October 9, 1940, March 1, 1948, and March 5, 1948, for these crimes. Although the informations charged three prior felony convictions, it appears that the sentences were increased under Minn. St. 1961, § 610.28, which provided for an increased sentence for a second offense, rather than under § 610.29, which prescribed the punishment for three or more felony convictions. The sentences imposed for escape[1] and first-degree robbery[2] were indeterminate sentences not to exceed twice the maximum for each offense, which in this case would be 14 years and 80 years respectively.

It is unnecessary to go beyond the three prior convictions alleged and review defendant's criminal record or to review in detail the facts relating to the commission of the offenses of robbery and escape for which he is now serving time except to say that the record would amply support verdicts of guilty. Certain facts relating to the objections made by the de-

---

[1] Minn. St. 1961, § 613.29, (superseded by Minn. St. 609.485) made escape a felony but did not specially prescribe punishment.

Minn. St. 1961, § 610.16, (superseded by Minn. St. 609.03) prescribed a punishment of not more than 7 years' imprisonment for felonies for which punishment was not prescribed.

[2] Minn. St. 1961, § 619.42, (superseded by Minn. St. 609.245) prescribed a punishment of imprisonment for not less than 5 nor more than 40 years for first-degree robbery.

fendant may be briefly stated. It appears from the record that the defendant was arrested at a motel on January 9, 1954, by members of the St. Paul Police Department in connection with the robbery of a St. Paul tavern. Incident to his arrest his room was searched, and money, three pistols, and certain articles of personal property were seized. After his arrest defendant was taken to police headquarters where he confessed, in writing, to the robbery of the tavern and to several other criminal acts. The record indicates that he was not told he had the right to remain silent at the time his confession was given, he did not have the benefit of counsel, and he was not told that he had the right to the assistance of counsel. After a preliminary hearing, arraignment, and charge by information, he was tried by a jury for robbery in the first degree. During the course of the trial, objection was made to the introduction of the confession in evidence, and a separate hearing was had to determine the issue of voluntariness. This hearing followed the procedure long observed by our court, as outlined in State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585.[3] After hearing the evidence relating to the circumstances under which the confession was given, the trial court stated for the record:

"Now, I am not satisfied that this so-called confession was exacted by force and fear under the evidence adduced, and hence I will let the matter of the confession go to the jury. Now, I did take into account the testimony of Detective Lieutenant McAuliffe when he said under oath that no abuse was indulged in and no force used and that he did not strike the defendant in answer to questions put to him by the Public Defender. I am assuming that the Court has a right to take that into account although Lieutenant McAuliffe did not take the stand in the ancillary proceedings and deny that he struck this man before he made the confession. It also does not appear in the evidence that the defendant denies the truth of the confession and while I don't think that is entirely essential, it would appear that the confession involves other crimes and not just the one be-

---

[3] In State v. Keiser, 274 Minn. 265, 143 N. W. (2d) 75, we pointed out that this procedure does not meet the test announced in the recent case of Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908, to establish the issue of voluntariness.

fore the Court. At any rate, that is the state of the record and it will be submitted to the jury with proper instructions.

"The Court cannot conclusively say that the confession offered in evidence was involuntary."

The following instructions were given to the jury:

"In this case there has been introduced in evidence what purports to be a written confession signed by the defendant, and as to the same you are instructed that unless you believe from the evidence beyond a reasonable doubt that the defendant made the same and that he made it freely and voluntarily, and without compulsion or persuasion, or from a sense of fear of bodily injury, you will reject the same and not consider it for any purpose whatsoever against this defendant. This same rule applies to verbal statements exacted from the defendant when the same are not freely and voluntarily given."

A verdict of guilty was returned on March 24, 1954, and on the following day, preliminary to sentencing, the county attorney filed informations charging the three prior felony convictions to which we have already referred. Defendant entered pleas of guilty to these informations. On March 28, 1954, before the court imposed sentence on the robbery conviction, he escaped from custody. The grand jury returned an indictment charging him with the offense of escape 2 days later. He was subsequently apprehended and on May 25, 1954, entered a plea of guilty to the indictment charging him with escape. Before sentencing on this offense, the county attorney also filed three informations charging the same prior felony convictions, to which defendant pled guilty. It appears from the record that on May 24, 1954, defendant was sentenced on the robbery conviction "according to law." On May 26, he was sentenced on the escape and three prior convictions to not more than 14 years. On the same day he was resentenced on the first-degree robbery and the prior convictions for a period not to exceed 80 years. No appeal was taken from these judgments of conviction.

In the proceedings below from which this appeal is taken, the defendant was given the right to appear and be heard and to present the testimony of at least one witness on the issue of voluntariness of the con-

fession as well as other points hereinafter discussed. The hearing was in accordance with Townsend v. Sain, 272 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847; State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657. The trial court determined that he was not warranted in granting a release on the basis of the evidence adduced at that hearing.

■ We have been provided by court-appointed counsel with an able and interesting brief in support of his argument that constitutional standards were not observed in procuring the confession which was used in evidence against defendant and that the issue of voluntariness was not properly determined. The brief discusses at length the impact of recent United States Supreme Court decisions including Escobedo v. Illinois, *supra;* Jackson v. Denno, *supra;* and Gideon v. Wainwright, *supra.* Recent decisions of both this court and the United States Supreme Court make it very clear that neither Escobedo nor Jackson apply in this case. We held in State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, that those decisions apply prospectively only. Since Rasmussen, the United States Supreme Court has in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, expanded upon its holding in Escobedo and announced further guidelines to protect the privilege against self-incrimination. Following the Miranda case, the United States Supreme Court in Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772,. 16 L. ed. (2d) 882, has specifically provided that Escobedo affects only those cases in which trial began after June 22, 1964, when that decision was handed down, and that Miranda applies only to cases in which trial began after June 13, 1966, when it was filed.[4] The points raised with reference to the manner in which the confession was obtained and the procedures by which its voluntariness was determined may be disposed of by noting that the trial occurred in 1954, long before the cutoff dates for review specified in the Johnson case.

■ We next direct our attention to defendant's claims that the sentences imposed on May 26, 1954, were illegal because the prior convictions were invalidly obtained. Defendant contends as to each of them that

---

[4] See, State v. Winge, 274 Minn. 571, 144 N. W. (2d) 704.

he was deprived of counsel in violation of his constitutional rights under Gideon v. Wainwright, *supra,* which holds that the provisions of the Sixth Amendment assuring a defendant the right to have assistance of counsel for his defense in all criminal prosecutions are made obligatory upon the states by the Fourteenth Amendment. We have accordingly carefully examined the court files with reference to the prior convictions of the defendant with a view to determining whether or not the procedures employed therein conform to the required constitutional standards expressed in Gideon.

It should be noted at the outset that the first information charged that defendant on October 9, 1940, was convicted of second-degree grand larceny for the theft of sheep. It appears, however, that this judgment of conviction was set aside by the sentencing court in January 1964, because defendant was a juvenile at the time sentence was imposed. Counsel for the state does not contend that this was a valid prior conviction which might have been used to increase punishment under the Habitual Criminal Act. The second prior conviction with which defendant was charged was that of third-degree burglary, on which he was sentenced March 1, 1948. From an examination of the original files of the District Court of Crow Wing County, where this sentence was imposed, it appears that defendant was in fact represented by court-appointed counsel and that he is in error in contending otherwise. The third information related to a conviction on March 5, 1948, for third-degree burglary. It appears from an examination of the original records of this proceeding in the District Court of Cass County that defendant appeared before the court for arraignment on an information charging him with burglarizing a building with intent to commit the crime of grand larceny. At that time he was not represented by counsel and entered a plea of guilty to the burglary charge. It appears from the record of proceedings that prior to the imposition of sentence, the following colloquy took place between the defendant and the court:

The Court: "You have the right, if you desire, to be represented by an attorney, and if you have means of employing one you should of course employ your own attorney, and if not and you desire an attorney it is the

duty of this court to appoint an attorney for you, and the County of Cass would pay for such services. Do you want an attorney or not?

"A. No, sir.

"Q. You understand your right to have an attorney?

"A. Yes, sir.

"Q. It appears that you have made a written application to plead to that charge at this time; is that your signature?

"A. Yes, sir.

"Q. What is your plea to the charge as set forth in the Information I have just read to you, guilty or not guilty?

"A. Guilty."

We gather from the record that the sentences imposed by the court for first-degree robbery and for escape were increased under Minn. St. 1961, § 610.28,[5] rather than Minn. St. 1961, § 610.29,[6] because the sentences were increased to not more than twice the maximum term of

---

[5] Minn. St. 1961, § 610.28, (superseded by Minn. St. 609.155) provided: "Every person who, after having been convicted in this state of a felony * * * upon conviction thereof, shall be punished as follows:

\*    \*    \*    \*    \*

"(2) If the subsequent crime is such that upon a first conviction the offender might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence for not less than twice the shortest term, nor more than twice the longest term, prescribed upon a first conviction; provided, that nothing herein shall reduce any minimum sentence now or hereafter fixed by any other law of this state."

[6] Minn. St. 1961, § 610.29, (superseded by Minn. St. 609.155) provided: "A person who, after having been three times convicted in this state of felonies, * * * shall be punished as follows:

\*    \*    \*    \*    \*

"(2) If the fourth or subsequent offense is such that the offender upon a first conviction might be punished by an indeterminate sentence of imprisonment, then he shall be sentenced to imprisonment under an indeterminate sentence of which the minimum shall be not less than twice the shortest term prescribed upon a first conviction, and the maximum shall be for life; provided, that nothing herein shall reduce any minimum sentence now or hereafter fixed by any other law of this state."

imprisonment for the underlying crimes of escape and first-degree robbery.

In reviewing the foregoing proceedings with relation to prior convictions, it may be said that the error in filing the first information charging the conviction of October 9, 1940, may be disregarded. The other prior convictions which were established supported the sentence imposed. We cannot disregard the conviction of March 1, 1948, since the record establishes that the defendant was represented by counsel, and we are not warranted merely by the defendant's bald assertion to the contrary to hold otherwise. It is well established by our decisions that unsupported assertions without more are wholly insufficient to overcome the presumption of regularity which attaches to a judgment of the court. State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847. We have set forth the proceedings with reference to the prior conviction of March 5, 1948, and although the defendant was not represented by counsel on that occasion, it is clear from the record that he was advised of his right to counsel. The mere fact that one was not appointed for him would not invalidate the conviction since Gideon v. Wainwright, 372 U. S. 335, 340, 83 S. Ct. 792, 794, 9 L. ed. (2d) 799, 802, recognizes that the right to counsel may be "competently and intelligently waived."

We conclude from the record that the defendant is in custody of the respondent warden under valid sentences. Either the second or third prior conviction would support the sentences which were for not more than twice the maximum term for a second offense under Minn. St. 1961, § 610.28(2). State ex rel. Peterson v. Tahash, 260 Minn. 192, 109 N. W. (2d) 328.

This is another of numerous cases which we have had to consider in which inmates confined under long sentences grasp at straws to get relief from the courts when their efforts should be directed to secure relief by action of the Department of Corrections. We gather from the file that the trial court who sentenced the defendant to 80 years on the robbery charge expected that in due time he would be paroled. There is not available to us the report of presentence investigation or other material relating to the defendant's background which the trial court had at the time sentence was imposed. After pronouncing the sentence, the trial court said:

"In explanation of this sentence and the reasons for it are these briefly: this defendant has never been given any consideration by any Court in his whole lifetime of crime. He was only 19 years of age when a court sentenced him for the first offense to St. Cloud Reformatory. Subsequently he was sentenced on each occasion to Stillwater Penitentiary and there is no doubt but that a limitation of 80 years is sufficient under the circumstances of this case. Otherwise, this court would, by its sentence, impose a sentence which would be for life."

Apparently, the trial court was of the view that he was giving the defendant the benefit of the most lenient treatment which the harsh provisions of the Habitual Criminal Act permitted. It is for the Department of Corrections to consider, along with other circumstances, the trial court's observation to the effect that prior to his present sentence he had "never been given any consideration by any Court in his whole lifetime of crime" and to determine whatever future action should be taken.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.