## STATE v. ARLAND L. GERBERDING.*

162 N. W. (2d) 204.

November 1, 1968—No. 41154.

C. Paul Jones, State Public Defender, and Robert A. Minish, for appellant.

Douglas M. Head, Attorney General, William B. Randall, County Attorney, and Daniel Hollihan and Paul Lindholm, Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was convicted by a jury of first-degree robbery in May 1954. During trial, the state introduced his pretrial confession obtained by the police over defendant's objection that it had not been given voluntarily. The issue of voluntariness was heard separately by the trial judge and then submitted to the jury pursuant to the long-observed procedure outlined in State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585. Ten years after the trial and following the decision of the United States Supreme Court in

_____

* Certiorari denied, 394 U. S. 935, 89 S. Ct. 1211, 22 L. ed. (2d) 466.

Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed (2d) 908, defendant, by a writ of habeas corpus, sought to set aside his conviction on the ground that the procedure for determining the voluntariness of his confession followed at trial did not meet the constitutional standards required by Jackson. In defendant's prior appeal, State ex rel. Gerberding v. Tahash, 275 Minn. 195, 146 N. W. (2d) 541, this court agreed but held that the rule of Jackson would not be enforced in cases where the conviction was finalized before Jackson was decided.[1] The United States Supreme Court reversed per curiam without an opinion, Gerberding v. Tahash, 387 U. S. 91, 87 S. Ct. 1506, 18 L. ed. (2d) 588, simply citing Jackson v. Denno, *supra.*

We interpreted this action to mean that the rule of Jackson must be retroactively applied.[2] The case was therefore remanded for an evidentiary hearing, which was held in Ramsey County before the trial judge who presided at the original trial.[3] The trial judge, basing his decision on the trial record, the transcript of the habeas corpus proceeding, and testimony submitted at the hearing, concluded that the confession was voluntary beyond a reasonable doubt. Defendant appeals, claiming that the evidence does not support this conclusion.

The state argues that in a postconviction hearing it need only prove that a confession was voluntary by a fair preponderance of the evidence rather than beyond a reasonable doubt. That question is not raised and need not be

---

[1] State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3.

[2] As it now appears, "[t]he most persuasive authority for the proposition that the principle of Jackson v. Denno is to be applied to convictions finalized prior to the date of that decision is Jackson itself," since that case involved a collateral attack on a previously finalized conviction. Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 326, 206 A. (2d) 283, 286. For further authority that Jackson v. Denno is to be applied retroactively, see Boles v. Stevenson, 379 U. S. 43, 85 S. Ct. 174, 13 L. ed (2d) 109; McNerlin v. Denno, 378 U. S. 575, 84 S. Ct. 1933, 12 L. ed. (2d) 1041; Clifton v. United States, 125 App. D. C. 257, 259, note 4, 371 F. (2d) 354, 356, note 4; People v. Huntley, 15 N. Y. (2d) 72, 255 N. Y. S. (2d) 838, 204 N. E. (2d) 179. See, also, Linkletter v. Walker, 381 U. S. 618, 628, note 13, 85 S. Ct. 1731, 1737, note 13, 14 L. ed. (2d) 601, 608, note 13 (dicta); Tehan v. United States ex rel. Shott, 382 U. S. 406, 416, 86 S. Ct. 459, 465, 15 L. ed. (2d) 453, 460 (dicta); Johnson v. New Jersey, 384 U. S. 719, 727, 729, 86 S. Ct. 1772, 1778, 16 L. ed. (2d) 882, 889 (dicta).

[3] The hearing before the original trial judge was in accordance with the recommendations of at least one commentator. See, Note, 79 Harv. L. Rev. 938, 1066; People v. Huntley, *supra.*

decided, for whichever standard governs the prosecution's burden of proof in a postconviction voluntariness hearing, we hold that the evidence in this case amply sustains the specific finding made by the trial judge.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.