**Arland L. GERBERDING, Appellant,**

v.

**STATE OF MINNESOTA, Appellee.**

**No. 20052.**

United States Court of Appeals,
Eighth Circuit.

May 18, 1970.

Robert A. Minish, of Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, Minn., on brief for appellant.

Douglas M. Head, Atty. Gen., William B. Randall, Ramsey County Atty., Daniel Hollihan, Asst. County Atty., and Mentor C. Addicks, Jr., Special Asst. County Atty., St. Paul, Minn., on brief for appellee.

Before MATTHES, LAY and HEANEY, Circuit Judges.

PER CURIAM.

This appeal is preceded by a long history of litigation. In 1954 petitioner was convicted by a state court in Minnesota for armed robbery. No appeal was taken at that time. In 1964, however, petitioner filed a petition for a writ of habeas corpus challenging the voluntariness of his confession used at the 1954 trial. Relief was denied by the Minnesota Supreme Court on the ground that even though the voluntariness of the confession was not properly ruled upon by the trial court, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the *Jackson* rule was not to be applied retroactively. State ex rel. Gerberding v. Tahash, 275 Minn. 195, 146 N.W.2d 541 (1966). The United States Supreme Court reversed, in a per curiam decision. Gerberding v. Tahash, 387 U.S. 91, 87 S.Ct. 1506, 18 L.Ed.2d 588 (1967).

Thereafter, a state trial judge conducted an evidentiary hearing as to the voluntariness of the confession and concluded that it was voluntary. This was affirmed upon appeal. State v. Gerberding, 282 Minn. 524, 162 N.W.2d 204, cert. denied, 394 U.S. 935, 89 S.Ct. 1211, 22 L.Ed.2d 466 (1969). Petitioner sought relief in federal district court, as he does here, on two grounds: (1) that the state court misconstrued the order of the United States Supreme Court reversing the original decision of the Minnesota Supreme Court, and (2) that the evidence demonstrates that his confession was not voluntary. Relief was denied by the federal district court. We affirm.

 In reversing the original opinion of the Minnesota Supreme Court, the United States Supreme Court simply wrote: "The judgment is reversed. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774." 387 U.S. at 91, 87 S.Ct. at 1506. Petitioner contends that the Supreme Court, by selecting this language, intended to demonstrate that he was either to be given a new trial or released and that it was error for the state court to hold a post-trial evidentiary hearing to correct the defect under Jackson v. Denno, supra. The recent ruling by the United States Supreme Court in Sigler v. Parker, 396 U.S. 482, 484, 90 S.Ct. 667, 669, 24 L.Ed. 2d 672 (1970), refutes this contention:

"[T]he appropriate remedy when a federal court finds a Jackson v. Denno error in a prior state proceeding is to allow the State a reasonable time to make an error-free determination on the voluntariness of the confession at issue."

The Minnesota Supreme Court properly remanded the case to the trial court for an evidentiary hearing. There is no merit to petitioner's argument.

 Upon Gerberding's filing of a petition in the federal district court, the Honorable Miles Lord determined that a further hearing was necessary under 28 U.S.C.A. § 2254(d) and the principles of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Judge Lord found that the state court had not given proper weight to testimony as to whether the petitioner was warned of his constitutional rights. Judge Lord noted that even though Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 13 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were not applied retroactively, the absence of these warnings must be considered as part of the totality of the circumstances under which the court determines whether a confession is voluntary. Davis v. North Carolina, 384 U.S. 737, 740–741, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). After a further hearing Judge Lord found that the confession had been given voluntarily. He noted that "since the question of whether the petitioner was beaten prior to the

signing of the confession is almost purely a matter of credibility, the Court finds unequivocally that petitioner was not beaten at any time." The court observed that petitioner had only a sixth grade education; that he was not informed of his constitutional rights and that he was somewhat reluctant at first to answer questions and to sign the statement. These factors, however, were outweighed by the facts that Gerberding was 34 years old at the time he signed the confession; that he did not request to see counsel or anyone else before signing the confession; that he was not tired, hungry, or in ill health at the time he was arrested; that he was questioned for less than four hours including the time taken for a formal statement; and that less than six hours elapsed between arrest and the signing of the statement. The district court observed that the testimony of petitioner, some fifteen years after the event, that a police officer took his hand and guided it to form his signature, challenges believability. Based upon the totality of these circumstances, the court concluded that beyond a reasonable doubt the confession used against petitioner was the product of his free and rational choice. There is no basis on the record for us to hold to the contrary.

■■ The evidence clearly supports the conclusion reached by the federal district court. The proper standard, whether in the totality of the circumstances the confession made was voluntary, was applied. See Greenwald v. Wisconsin, 390 U.S. 519, 521, 88 S.Ct. 1152, 20 L.Ed.2d 77 (1968); Clewis v. Texas, 386 U.S. 707, 708, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Haynes v. Washington, 373 U.S. 503, 513, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). The proper place for determinations as to credibility is in the trial court where the testimony is taken. See In Re Parker, 423 F.2d 1021 (8 Cir. 1970); Texas v. Payton, 390 F.2d 261 (5 Cir. 1968). Any variances in the testimony of state witnesses are matters to be assessed by the trial judge. Here, both the state district court and

the federal district court, after conducting hearings, resolved the disputed testimony in favor of the State of Minnesota.

Judgment affirmed.