Arland L. GERBERDING, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73-1301.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1973.

Decided Oct. 4, 1973.

Arland L. Gerberding, pro se.

Robert G. Renner, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a timely appeal by petitioner Gerberding from final order of the United States District Court, entered April 25, 1973, denying his 28 U.S.C. § 2255 motion to vacate sentence imposed upon his plea of guilty to an indictment charging him with aiding in the escape of a federal prisoner, in violation of 18 U.S.C. § 752. The five-year sentence imposed by Judge Bell, now deceased, on November 4, 1955, provides that the sentence is "to be served concurrently and not consecutively with sentence hereto-fore imposed in the United States District Court for the Northern District of Iowa, which said sentence is to commence upon delivery of defendant by the Minnesota State Authorities to the United States Marshal for service of said sentence imposed and mentioned herein." The federal sentence referred to in the sentence imposed by Judge Bell was one resulting from petitioner's conviction in the Northern District of Iowa on three counts of bank robbery under 18 U.S.C. § 2113. Concurrent sentences ranging from ten to twenty years were imposed on each count.

In Gerberding v. United States, 471 F.2d 55 (8th Cir. 1973), we held the bank robbery conviction to be valid but determined only one sentence should be imposed and remanded the case for re-sentencing. Upon remand, the Iowa federal district court imposed a general sentence on all counts of ten years and gave petitioner credit for the time served since taken into federal custody on September 23, 1970, and suspended the balance of the sentence, placing petitioner on probation for five years.

At the time of the federal sentence just described, petitioner was serving sentences previously imposed by Minnesota State courts as a result of state convictions. Petitioner's criminal records are described in Minnesota Supreme Court cases reported at 275 Minn. 195, 146 N.W.2d 541 (1966) and 282 Minn. 524, 162 N.W.2d 204 (1968).

Petitioner upon completion of the service of his state sentences came into federal custody and commenced serving his federal sentences hereinabove described on September 23, 1970.

Petitioner urges as a basis for reversal, (1) petitioner was not represented by counsel or inadequately represented by counsel at the time of the acceptance of his guilty plea; (2) petitioner's five-year sentence here involved is automatically terminated by his release on his bank robbery sentence. We find both contentions to be without merit and affirm.

Chief Judge Devitt in his order denying petitioner relief states that petitioner previously had filed a motion based upon the same grounds presently urged which he denied by his order filed April 9, 1973, and that under § 2255 he is not required to entertain a successive motion for similar relief. Section 2255 expressly so provides. No appeal has been taken from the April 9, 1973, order. Nevertheless, Judge Devitt made a finding reading:

"The Court has examined the files and records and is satisfied that the contentions are without merit. The minutes of the proceedings as recorded by then Deputy Clerk Eckley and the Judgment and Commitment signed by Judge Bell reflect that petitioner was represented at the time of his arraignment and sentencing by Harry W. Oehler, St. Paul attorney, now deceased."

Additionally, the court found that petitioner at the time of his guilty plea to the criminal charge was adequately represented by counsel.

Petitioner's allegations that his guilty plea was not voluntary and that he was denied competent representation by counsel are without merit. The record reflects that the petitioner had faced criminal charges on many previous occasions. Petitioner in his petition asserts that the court asked him how he would plead to helping a federal prisoner to escape to which petitioner replied, "I will plead guilty, your Honor, if the sentence runs concurrent with my other federal sentence." The petitioner also stated that he had state convictions aggregating ninety-nine years and a twenty-year sentence for bank robbery and that "it hardly seemed of any importance to plead guilty to another five years when that sentence would run concurrent to a larger sentence."

■ Petitioner urges a violation of Federal Rule of Criminal Procedure 11. The sentence was imposed in 1955 prior to the 1966 amendment to Rule 11, and prior to the decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The procedure prescribed in *McCarthy* is not retroactive. Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498, 23 L. Ed.2d 16 (1969).

■ The trial court on the basis of the record was warranted in determining petitioner was represented by competent counsel at the time of the acceptance of his plea of guilty to the escape charge, and that none of petitioner's constitutional rights have been violated.

■ Petitioner's second point is likewise without merit. The sentence imposed by Judge Bell on the escape charge is clear and unambiguous. The sentence imposed is to be served concurrently with the sentence imposed by the Iowa federal court on the bank robbery charge.

Petitioner offers no authority or logic to support his contention that the termination of one concurrent sentence terminates all concurrent sentences. In Nishimoto v. Nagle, 44 F.2d 304 (9th Cir. 1939), reversed on other grounds, Haw Tan v. Phelan, 333 U.S. 6, 68 S.Ct. 374, 92 L.Ed. 433 (1948), the court holds concurrent sentences are separate and distinct sentences and proceeds to define concurrent sentences as follows:

"The fact that the sentences run concurrently merely means that the convict is given the privilege of serving each day a portion of each sentence, so that in practical effect so far as he is concerned if he serves the sentence and nothing occurs subsequent to the judgment to alter the situation he is discharged at the expiration of the maximum term imposed upon any one of the counts. If, however, the sentence upon each count was different, he could not be discharged until he had served the longest sentence. Even if the sentences were all for an equal period, a pardon of the convict upon all but one of the counts would not relieve him from serving the full term imposed upon the count for

which no pardon was granted. * * *" 44 F.2d 304, 305.

In Bible v. Arizona, 449 F.2d 111 (9th Cir. 1971), the court holds that the invalidation of one of two concurrent sentences does not terminate a validly imposed concurrent sentence not fully served. *See* 24B C.J.S. Criminal Law § 1996(1) at p. 660.

In our present case, petitioner has received full credit for all time served on Judge Bell's sentence concurrently with the bank robbery sentence. This is all that he is entitled to. The termination of the bank robbery sentence by the suspension thereof by the Iowa court in no way affects the time to be served on the five-year sentence to which the petition is here directed.

The order appealed from is affirmed.