# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2477

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the District
　　　v.　　　　　　　　　　　　　　*　of South Dakota.
　　　　　　　　　　　　　　　　　　*
Christopher Daniels,　　　　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　 *

_____

Submitted: March 12, 2012
Filed: May 25, 2012

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Christopher Daniels appeals the concurrent 24- and 36-month terms of imprisonment the district court[1] imposed after revoking his supervised release. He also contends that the written judgment varies from the oral pronouncement of sentence. For the reasons discussed below, we modify the judgment to conform to the oral pronouncement of sentence, and we affirm the judgment as modified.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

In 2005, Daniels pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 ("Count I") and to possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count V"). In 2006, he was sentenced to consecutive 15- and 60-month terms of imprisonment on Counts I and V, respectively. The court also imposed concurrent 36- and 60-month terms of supervised release on Counts I and V. He began serving his terms of supervised release in 2010.

In 2011, Daniels appeared before the same judge who had sentenced him on his underlying convictions, and he admitted to four of five alleged violations of the conditions of his supervised release. The district court noted that one admitted violation was a Grade B violation and that the other three were Grade C violations, *see* U.S.S.G. § 7B1.1(a), and calculated an advisory guidelines range of 8 to 14 months for the Grade B violation and 5 to 11 months for the Grade C violations, *see* U.S.S.G. § 7B1.4. The court referenced the 60-month statutory maximum sentence under 18 U.S.C. § 3583(e)(3), (h), and noted that, if it imposed a new term of supervised release, Daniels could face another term of imprisonment for any subsequent violations. The court indicated that it had read the defense's sentencing memorandum and was familiar with the defendant from sentencing him on the underlying convictions. After hearing arguments from counsel, the court questioned Daniels regarding his lack of compliance with the conditions of supervised release, his lack of respect for authority, and his attempt to hide from probation officers and United States marshals. When Daniels asked for leniency in order to allow him to turn his life around, the court responded, "Mr. Daniels, I've heard that before," and indicated that Daniels was "fast running out of options" and had "been very difficult to supervise." The court revoked Daniels's supervised release and imposed concurrent 24- and 36-month terms of imprisonment on Counts I and V, respectively, and declined to impose any additional term of supervised release. The district court's written judgment, however, imposed a 24-month sentence on "allegation #1" and a 36-month sentence on "allegation #5."

Daniels contends that the district court erred by failing to state adequately in open court its reasons for the chosen sentence. Daniels made no objection to the district court's explanation of its chosen sentence, so we review only for plain error. *United States v. Espinoza Bravo*, 624 F.3d 921, 924 (8th Cir. 2010). "We will reverse only if [the defendant] shows that the district court committed an error that was plain, that affected his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Garcia*, 646 F.3d 1061, 1068-69 (8th Cir. 2011). To "affec[t] . . . substantial rights" means in most cases "that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). A sentencing error is prejudicial only if the defendant demonstrates a reasonable probability that he would have received a more favorable sentence absent the error. *See United States v. Pirani*, 406 F.3d 543, 552 (8th Cir. 2005) (en banc).

Based on the statements of the district court recounted above, we conclude that the district court's explanation of its chosen sentence was adequate. *See United States v. Merrival*, 521 F.3d 889, 890-91 (8th Cir. 2008) (finding an adequate explanation for an upward variance when the court stated that the defendant had already received "repeated chances" and that additional supervised release would be "simply a waste of time"). His argument that the district court's failure to explain its sentence leaves us an inadequate record on appeal rings hollow in light of his failure to challenge the substantive reasonableness of his sentence.

Even if we were to find the explanation inadequate, Daniels identifies no evidence suggesting that the district court would have been likely to impose a more favorable sentence if it had provided a more detailed explanation, and thus he has failed to carry his burden of demonstrating prejudice. *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) (assuming that a sentencing explanation was inadequate and holding that the error did not affect the defendant's substantial rights because the defendant admitted violating the conditions of his supervised release, the

district court informed the defendant of the maximum sentence, and the sentence imposed did not exceed the statutory maximum); *see also United States v. Perkins*, 526 F.3d 1107, 1111 (8th Cir. 2008) ("In any event, any error on the district court's part in offering no more than an abbreviated articulation of its reasoning did not prejudice [the defendant's] substantial rights.").

Daniels also contends that the district court failed to state in its written judgment the reasons for its chosen sentence outside the advisory guidelines range in violation of 18 U.S.C. § 3553(c)(2). However, "[o]ur Circuit has squarely held that the written-order requirement of § 3553(c)(2) does not apply when the court revokes supervised release and imposes a sentence different from the term recommended by U.S.S.G. § 7B1.4." *United States v. Cotton*, 399 F.3d 913, 915-16 (8th Cir. 2005). Thus, we reject this argument.

Finally, Daniels contends that the written judgment must be modified to conform to the oral pronouncement of sentence. The Government concedes that the district court's oral pronouncement was correct and that the inconsistent written judgment is a clerical error that we should modify to conform to the oral pronouncement in the interest of judicial economy. *See* 28 U.S.C. § 2106 (an appellate court may modify any judgment of a court brought before it for review). An oral pronouncement of the sentencing court prevails over a contrary written judgment. *United States v. Drapeau*, 644 F.3d 646, 656 (8th Cir. 2011). When there is no doubt as to the district court's intent with regard to a sentence, the appellate court may modify the sentence instead of wasting judicial resources by remanding the case. *United States v. Mills*, 9 F.3d 1132, 1139 (5th Cir. 1993); *United States v. Corona-Moret*, 256 F. App'x 873, 874 (8th Cir. 2007) (per curiam) (unpublished). Accordingly, we modify the judgment to reflect a 24-month sentence of imprisonment on Count I and a concurrent 36-month sentence on Count V.

For the foregoing reasons, we affirm the judgment as modified.

_____