# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3833
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory T. Jacobs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 8, 2013
Filed: May 29, 2013
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Gregory Jacobs appeals from the judgment of the District Court[1] sentencing him to twenty-four months in prison after the court revoked his supervised release. We affirm.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

In September 2012, Jacobs was on supervised release from a conviction for being a felon in possession of ammunition when his probation officer filed a report alleging six violations of his supervised release. At his revocation hearing, Jacobs admitted to three violations: failure to report to the probation office as directed, failure to be employed, and failure to notify his probation officer of a change in residence. After hearing testimony from witnesses, the District Court determined that the government had proved two other violations: failure to participate in mental-health counseling as directed and failure to notify his probation officer within seventy-two hours of having an encounter with police officers. The court declined to find the sixth alleged violation, that Jacobs had committed another crime during that encounter with police, noting that the charges in question were unresolved. The five violations that the court did find were not the first that Jacobs had committed during his supervised release, but the prior violations had not resulted in a revocation of his release.

The advisory revocation sentencing range under Chapter 7 of the U.S. Sentencing Guidelines Manual (Violations of Probation and Supervised Release) was six to twelve months in prison. The court sentenced Jacobs to twenty-four months, the maximum sentence allowed by law, with no further supervised release. On appeal, Jacobs argues that the court abused its discretion and imposed an unreasonable sentence in violation of the parsimony principle. We review the substantive reasonableness of a revocation sentence under the same standard applied to our review of an initial sentence, that is, we review the sentence for an abuse of the court's discretion. United States v. Growden, 663 F.3d 982, 984 (8th Cir. 2011).

Under the parsimony principle, the court is to impose a sentence "sufficient, but not greater than necessary," to satisfy the statutory goals of sentencing. 18 U.S.C. § 3553(a); see also United States v. Young, 644 F.3d 757, 762 (8th Cir. 2011). Jacobs argues that the court found only Grade C violations and that "[r]evocation was not even required based on" those violations. Br. of Appellant at 6. He further contends that his "history and circumstances" did not justify the sentence and that he was "eager to participate" in treatment for his mental-health issues. Id. at 7. In sum, he

maintains that in these circumstances, this revocation sentence above the advisory Guidelines range was unreasonable. We disagree.

The record demonstrates that the District Court had valid reasons for imposing the sentence it did. The court noted the difficulty that the probation office had in supervising Jacobs's release, as well as Jacobs's extensive criminal history and his anger-management problem, especially with his girlfriend. Tr. of Revocation Proceedings at 48–50. Explaining that it had considered the "Chapter 7 policy statement," the court invoked the parsimony principle and set out the § 3553(a) sentencing factors it considered relevant, telling Jacobs, "[T]he revocation guideline *is not sufficient in your case* to promote respect for the law, afford adequate deterrence for criminal conduct, and to protect the public from further crimes by you." Id. at 49 (emphasis added). The District Court did not fail to consider a relevant sentencing factor, give weight to an improper or irrelevant factor, or err in weighing the factors that it did consider. See United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.) (explaining how a court may abuse its discretion at sentencing), cert. denied, 552 U.S. 927 (2007). We hold that the twenty-four-month sentence is substantively reasonable and that the District Court did not abuse its discretion in sentencing Jacobs.

Although neither party has raised the issue in this appeal, we note that the written judgment for revocation of supervised release includes the sixth alleged violation, that Jacobs committed another crime, in the list of violations of supervised release that the District Court found after the hearing. But as we said above, the court could not have been more clear at sentencing that although it was finding Jacobs in violation of the terms of his release for failing to report an encounter with police to his probation officer, it was not finding that he committed the crimes with which he was charged as a result of that encounter, as alleged in the sixth violation. Tr. of Revocation Proceedings at 42, 43. Because "the oral pronouncement and written judgment conflict, the oral sentence controls." United States v. Morais, 670 F.3d 889, 895 (8th Cir.), cert. denied, 133 S. Ct. 311 (2012). There is no doubt that the District Court declined to find Jacobs guilty of the alleged other-crime violation, so we modify

-3-

the written judgment to exclude that violation from the judgment "instead of wasting judicial resources by remanding the case." <u>United States v. Daniels</u>, 477 F. App'x 424, 427 (8th Cir. 2012) (per curiam) (unpublished); <u>see also</u> 28 U.S.C. § 2106 (giving the appellate courts authority to modify any judgment "lawfully brought before it for review"); <u>cf.</u> <u>United States v. Todd</u>, 471 F. App'x 557, 558 (8th Cir. 2012) (per curiam) (unpublished) (acting sua sponte to instruct the district court to modify a written sentencing judgment in order to correct a typographical error).

We affirm the judgment of the District Court as modified.

_____