# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3023
_____

United States of America

*Plaintiff - Appellee*

v.

Edward Steven Feeney, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: September 23, 2019
Filed: October 21, 2019
[Unpublished]
_____

Before GRUENDER, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM

Edward Feeney Jr. pled guilty to violating federal drug laws. He was then sentenced to 262 months of imprisonment, to be followed by ten years of supervised release. Feeney offers two arguments contesting his sentence. First, he claims the

district court[1] wrongly imposed the career offender enhancement under section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). Second, he contends the district court's written judgment conflicts with its oral pronouncement at sentencing.

Feeney's first argument is controlled by our decision in *United States v. Boleyn*, 929 F.3d 932 (8th Cir. 2019). In *Boleyn*, we held Iowa's definition of "aiding and abetting" is no broader than the generic definition implicit in the application notes of U.S.S.G. § 4B1.2. *Id.* at 940. We therefore concluded that Iowa Code § 124.401 does not encompass a broader swath of conduct than does U.S.S.G. § 4B1.2(b). *Id.* As Feeney's argument is virtually identical to the one rejected in *Boleyn*, the district court rightly applied the enhancement.

Feeney's second argument prevails. During the sentencing hearing, the district court ordered Feeney's sentence "to be concurrent with Scott County FECR 382520 . . . and then consecutive to the two offenses listed in Paragraphs 50 and 51" of the presentence report. But the district court's written judgment did not indicate whether Feeney's sentence should run concurrently or consecutively with his undischarged state sentences. The government concedes the district court's oral sentence controls. *See United States v. Glass*, 720 F.2d 21, 22 n.2 (8th Cir. 1983) ("Where an oral sentence and the written judgment conflict, the oral sentence controls.").

In the interest of judicial economy, we modify the judgment to reflect the district court's oral pronouncement: Feeney's sentence is to run concurrently with FECR 382520, but consecutively with AGCR 382722 and FECR 382721. *See U.S. v. Daniels*, 477 Fed. Appx. 424, 427 (8th Cir. 2012) (unpublished) ("When there is no doubt as to the district court's intent with regard to a sentence, the appellate court

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

may modify the sentence instead of wasting judicial resources by remanding the case.").

We therefore affirm the judgment as modified.

_____