# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2301

_____

United States of America

*Plaintiff - Appellee*

v.

Angel Antonio Martinez-Torres, also known as Tony

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 24, 2020
Filed: December 2, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Angel Antonio Martinez-Torres (Martinez) appeals the sentence the district court[1] imposed after he pled guilty to conspiracy to commit racketeering. Having

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

jurisdiction under 28 U.S.C. § 1291, this court modifies the written judgment to correct an apparent clerical error, and dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging the appeal waiver, but challenging the sentence as substantively unreasonable. The sentence imposed was consistent with Martinez's binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. *Cf. United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence may not challenge that punishment on appeal). This court concludes that the appeal waiver is enforceable, as Martinez's challenge to the sentence falls within the scope of the appeal waiver, the record shows that Martinez entered into the plea agreement and the appeal waiver knowingly and voluntarily, and no miscarriage of justice would result from enforcing the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no non-frivolous issues outside the scope of the appeal waiver. This court notes, however, that the written judgment contradicts the district court's oral order at sentencing by requiring that Martinez's federal sentence run consecutively to two undischarged terms of imprisonment in Buchanan County, Missouri (Case Nos. 15BU-CR02611-01 and 15BU-CR01218-01). Because the district court's intent is clear from its oral pronouncement at sentencing, this court concludes that remand for clarification is unnecessary. *See* 28 U.S.C. § 2106 (appellate court may modify any judgment brought before it for review); *United States v. Olson*, 716 F.3d 1052, 1056 (8th Cir. 2013) ("It is well settled . . . that a district court's oral sentence controls when it conflicts with the written judgment."); *United States v. Jacobs*, 508 Fed. Appx. 576, 577-78 (8th Cir. 2013) (unpublished

per curiam) (affirming, but modifying judgment due to conflict between written judgment and oral sentence--rather than waste judicial resources by remanding case--where district court's intent was clear).

The written judgment is modified to reflect that the federal sentence shall run concurrently with the two Buchanan County sentences. The appeal is otherwise dismissed, and counsel's motion to withdraw is granted.

_____