# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2828
_____

United States of America

*Plaintiff - Appellee*

v.

Raymundo Zelaya

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: December 10, 2024
Filed: December 13, 2024
[Unpublished]
_____

Before SMITH, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Raymundo Zelaya appeals after the district court[1] revoked his supervised release and sentenced him to time served and a new supervised-release term of 5

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

years. His counsel has moved to withdraw and has filed a brief challenging the substantive reasonableness of the sentence.

After careful review, we conclude the district court did not abuse its discretion in sentencing Zelaya. See United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (reviewing substantive reasonableness of sentence for abuse of discretion). There is no indication the court overlooked a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed clear error of judgment. See United States v. Larison, 432 F.3d 921, 922-24 (8th Cir. 2006) (reciting factors to discern whether revocation sentence is unreasonable). The sentence of time served was below the statutory maximum and the Guidelines range. See 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 2 years for Class C felony); see also United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (it will be unusual case when we reverse district court sentence--whether within, above, or below applicable Guidelines range--as substantively unreasonable). Moreover, the new term of supervised release was within the statutory limits. See 18 U.S.C. § 3583(h) (length of new supervised-release term shall not exceed term authorized by statute for offense of conviction, less revocation prison terms); 21 U.S.C. § 841(b)(1)(C) (maximum term of supervised release is life).

The written judgment's statement, in part, that Zelaya was adjudicated guilty of violating the mandatory condition that reads, "You must refrain from any unlawful use of a controlled substance," conflicts with the district court's oral pronouncement. See United States v. Raftis, 427 F.2d 1145, 1146 (8th Cir. 1970) (per curiam) (oral pronouncement prevails over contrary judgment). As the record on appeal makes the court's intent clear, we modify the written judgment in part to reflect that Zelaya was found in violation of the mandatory condition that reads, "The defendant shall not commit another federal, state or local crime." See 28 U.S.C. § 2106; see also United States v. Jacobs, 508 Fed. Appx. 576, 577-78 (8th Cir. 2013) (unpublished per curiam) (remand is unnecessary where written judgment contains apparent clerical

errors and district court's intent is clear from record). We affirm the judgment as so modified and grant counsel's motion to withdraw.

_____