# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2966

_____

United States of America,     *
             *
    Appellee,      *
             *
    v.         *
Francisco Corona-Moret, also known *
as Francisco Corona-Verduzco, also *
known as Pallin LNU, also known as *
Javier Corona-Verduzco,    *
             *
    Appellant.     *
             *  Appeal from the United States
-----------------------     *  District Court for the
             *  Western District of Missouri.
United States of America,     *
             *  [UNPUBLISHED]
    Appellee,      *
             *
    v.         *
             *
Francisco Corona-Moret, also known *
as Francisco Corona-Verduzco, also *
known as Javier Corona-Verduzco, *
also known as Pallin,     *
             *
    Appellant.     *

_____

Submitted: November 29, 2007
Filed: December 10, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

Francisco Corona-Moret appeals the sentences the district court[1] imposed after he pleaded guilty in two consolidated cases to possessing 50 grams or more of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); conspiring to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; unlawfully entering the United States after having been previously deported, in violation of 8 U.S.C. § 1326; and intimidating an individual with the intent to prevent that person's testimony in an official proceeding, in violation of 18 U.S.C. § 1512(b)(1). On appeal, his counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is unreasonable and violates the Eighth Amendment's Cruel and Unusual Punishment Clause. For the reasons discussed below, we modify one of the judgments to correct clerical errors, we grant counsel's motion to withdraw, and we affirm the judgments as modified.

At sentencing, the district court calculated an advisory Guidelines range of 135 to 168 months in prison. The court then expressly stated its intent to sentence Corona-Moret at the bottom of his Guidelines range: a "total" term of 135 months. The court imposed concurrent prison terms of 135 months on the possession count, 24 months on the illegal re-entry count, and 120 months on the witness-intimidation count. Although the court did not impose a specific sentence on the conspiracy count, it stated that "in case 00368," which included the conspiracy count, "the sentence would be 135 months, the same as the sentence in case number 00194."

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

-2-

Reviewing the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we conclude from the entire sentencing pronouncement that the district court intended to sentence Corona-Moret to a term of 135 months in prison for the conspiracy offense. *See United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994) (if actual verbal judgment is ambiguous, intent of sentencing court may be construed from entire sentencing pronouncement). However, the written judgment for case number 4:05-cr-00368 incorrectly states that a 168-month prison term was imposed on the first count, and also incorrectly describes this count as charging a possession offense, rather than a conspiracy offense. Accordingly, we modify the judgment in that case to reflect a 135-month sentence on Count One, charging Corona-Moret with conspiring to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. *See* 28 U.S.C. § 2106 (appellate court may modify any judgment of court brought before it for review); *United States v. Raftis*, 427 F.2d 1145, 1146 (8th Cir. 1970) (per curiam) (oral pronouncement prevails over contrary judgment); *see also United States v. Mills*, 9 F.3d 1132, 1139 (5th Cir. 1993) (modifying sentence instead of remanding where there was no doubt of district court's intent and it would waste judicial resources to remand case).

As to the issues raised by counsel in the *Anders* brief, we conclude that appeal waivers contained in Corona-Moret's plea agreements preclude a challenge to the reasonableness of the sentence. *See United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc) (defendant must enter into plea agreement and waiver knowingly and voluntarily for these agreements to be valid); *United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case). We also conclude that, to the extent the Eighth Amendment argument falls outside the scope of the appeal waivers, Corona-Moret's 135-month sentence does not violate the Cruel and Unusual Punishment Clause. *See* 21 U.S.C. § 841(b)(1)(A) (statutory imprisonment range for violation involving 50 grams or more of methamphetamine is 10 years to life); *United States v. Weis*, 487 F.3d 1148, 1154 (8th

Cir. 2007) ("It is rare for a term of years within the authorized statutory range to violate the Eighth Amendment.").

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments as modified.

_____