# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2291

_____

United States of America,      *
    *
      Appellee,     *
    *   Appeal from the United States
    v.     *   District Court for the
    *   District of Minnesota.
Gary Franklin Albin,     *
    *      [UNPUBLISHED]
      Appellant.     *

_____

Submitted: November 3, 2008
Filed: November 6, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gary Franklin Albin appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He challenges the sufficiency of the evidence. For the reasons that follow, we affirm.

At trial, Wadena County Assistant Deputy Sheriff David Shaw testified that, while Shaw was attempting to arrest Albin on an outstanding warrant, Albin pointed a gun at him and refused to drop it. Shaw then shot Albin, hitting him in the leg, and

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

retreated to wait for backup help; he later retrieved a Ruger .22 revolver from underneath the front of Albin's nearby vehicle. The parties stipulated that the gun had traveled in interstate commerce and that Albin was a convicted felon. The jury found him guilty, and the court sentenced him to 220 months in prison and 5 years of supervised release.

A defendant generally waives his right to challenge the sufficiency of the evidence, other than for plain error, where, as here, he fails to move for a judgment of acquittal at the close of the prosecution's case and at the close of all evidence, see United States v. Jordan, No. 07-5696, 2008 WL 4568135, at *13 (6th Cir. Oct. 15, 2008); United States v. Wadena, 152 F.3d 831, 853 (8th Cir. 1998), but the government does not raise the issue of waiver, see United States v. Buchmeier, 255 F.3d 415, 419 (7th Cir. 2001) (although defendant failed to move for judgment of acquittal and thereby waived challenge to sufficiency of evidence, government chose to argue evidence was sufficient and thereby "waived [defendant's] waiver"); cf. Greenlaw v. United States, 128 S. Ct. 2559, 2564 (2008) (courts rely on parties to frame issues for discussion).

Regardless whether we review for plain error, or apply the standard used in cases where the challenge was preserved, United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002) (evidence is viewed in light most favorable to verdict, and is sufficient if any rational trier of fact could have found essential elements of crime beyond reasonable doubt), the evidence amply supports Albin's felon-in-possession conviction, see United States v. Echols, 144 F.3d 584, 585 (8th Cir. 1998) (government has burden of proving defendant was convicted of felony and thereafter possessed firearm, and firearm traveled in or affected interstate commerce; credibility of officers' testimony was matter to be resolved by jury).

Accordingly, we affirm.

_____