# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3390

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas D. Ashburn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 8, 2017
Filed: July 31, 2017

_____

Before RILEY, BEAM, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Thomas Ashburn sold methamphetamine to a confidential informant. About a week later, police searched the room where Ashburn was staying—which was where the prior sale had taken place—and found drugs, equipment for measuring and packaging drugs, and ledgers recording drug transactions. Officers also found three

knives: a knife for filleting fish, a "decorative knife," and a "World War II U.S. Navy knife." All three had blades about seven inches long.

Ashburn pled guilty to conspiring to distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1), 846. In the course of determining Ashburn's recommended sentence under the advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.), the district court[1] increased Ashburn's offense level by two levels for possessing dangerous weapons, namely the knives. See U.S.S.G. § 2D1.1(b)(1). The Guidelines recommended a sentence of 188 to 235 months in prison. Without the dangerous-weapon enhancement, the range would have been 151 to 188 months. See id. ch. 5, pt. A. As it was, the district court granted "a modest variance from the low end of the guideline range" and sentenced Ashburn to 172 months.

Several times during sentencing, the district court expressed a "belie[f]" that to avoid application of the enhancement, Ashburn "ha[d] the burden of demonstrating that it is clearly improbable that the knives were used in connection with the drug-dealing offense." That was wrong. See United States v. Peroceski, 520 F.3d 886, 889 (8th Cir. 2008) ("The burden is always on the government to prove that a defendant is subject to a sentencing enhancement."). Although Ashburn resisted the offense-level increase and argued the knives had nothing to do with the drugs, he did not object to the district court's allocation of the burden of proof. Generally, we do not correct errors not raised in the district court, even errors as "'plain'" as this, unless the aggrieved party establishes that the error "'affect[s] substantial rights.'" United States v. Olano, 507 U.S. 725, 732 (1993) (alteration in original) (quoting Fed. R. Crim. P. 52(b)). The benefit of that principle can itself be forfeited through a failure to invoke it, see, e.g., United States v. Albin, 297 F. App'x 551, 552 (8th Cir. 2008) (per curiam), and the government does not raise and argue that principle here.

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

Instead, the government assumes an unnecessary burden and argues the district court's error should be disregarded because it was harmless. See Fed. R. Crim. P. 52(a); see also United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) ("The defendant has the burden of proving plain error, whereas the government has the burden of proving harmless error."). For an error to be harmless, it must not have substantially influenced the outcome of the proceeding. See, e.g., United States v. Haidley, 400 F.3d 642, 645 (8th Cir. 2005). Our precedent makes clear that the harmlessness of an error like the one in this case—a district court mistakenly requiring a defendant to prove he was not subject to a dangerous-weapon enhancement—can be demonstrated by the weight of the evidence supporting the enhancement. See United States v. Lucht, 18 F.3d 541, 555 (8th Cir. 1994).

Ashburn emphasizes that the government did not present any evidence affirmatively showing him using the knives in connection with his drug-dealing or conspiring. Such evidence was unnecessary. To justify the dangerous-weapon enhancement, the government only needed to prove "it was not clearly improbable that the weapon[s] w[ere] connected to the drug offense."[2] United States v. Anderson, 618 F.3d 873, 880 (8th Cir. 2010); see also U.S.S.G. § 2D1.1 cmt. n.11(A). That is "a very low bar," as we have repeatedly explained, and "'[e]vidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices.'" Anderson, 618 F.3d at 881-82 (alteration in original) (quoting United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000) (per curiam)); see also id. at 881 (collecting cases). Here, not only were all three knives in the same room as the drugs, two of them were found on top of the dresser under which the drugs were hidden.

---

[2]Ashburn offers a less wordy formulation—"the government must establish that these 3 knives . . . were **probably connected** to the drug charge" (some emphasis omitted)—but we have treated the difference between "not clearly improbable" and "probable" as meaningful in this context, and we have settled on "not clearly improbable" as the proper standard. Peroceski, 520 F.3d at 887-88.

Ashburn's testimony at the sentencing hearing does not make the district court's error any less harmless. Ashburn did not dispute the knives were in the room when he conspired and sold methamphetamine. He just claimed he only used them for preparing fish and cutting pizza, not dealing drugs. Even assuming that use was true, it would not undermine the district court's finding that the enhancement applied, because "the Government need not show that a defendant used or even touched a weapon to prove a connection between the weapon and the [drug] offense." United States v. Savage, 414 F.3d 964, 967 (8th Cir. 2005). To the contrary, it is enough "that the [weapon] was readily accessible . . . in [a] small apartment and would be available . . . in the event of a dispute during the course of a drug transaction." Id. The district court recognized this minimal link was all the Guidelines and our precedent required, and concluded "it's simply not improbable that [the knives] were connected with the [drug] activity," notwithstanding Ashburn's denials. Given the "reduce[d] . . . quantum of proof necessary" for the enhancement to apply, Peroceski, 520 F.3d at 889, and the undisputed evidence of Ashburn having at least two large knives in the open, within easy reach of his stash of drugs, in the room where he conducted at least one sale, we have no doubt the district court would have reached the same decision with a proper application of the burden of proof.[3]

The district court's error was therefore harmless and is not subject to correction on appeal. See Lucht, 18 F.3d at 555. And for much the same reason—in short, the strength of the evidence relative to the minimal showing required—the district court's

---

[3]The fact the district court heard directly from Ashburn on this issue also helps confirm the harmlessness of the error by eliminating the most obvious potential consequence of the misallocated burden of proof—namely, that the district court simply reasoned the government won by default because Ashburn failed to put the applicability of the enhancement in dispute. Nor is there any indication the district court thought Ashburn's testimony, weighed against the other evidence, made the question too close to call, such that the applicability of the enhancement came down to which side bore the burden of proof.

ultimate finding that the dangerous-weapon enhancement applied was not clear error. <u>See</u>, <u>e.g.</u>, <u>id.</u> (standard of review for factual determinations).  We affirm Ashburn's sentence.  <u>See</u> 28 U.S.C. § 1291 (appellate jurisdiction).

_____