# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3459

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Michael Jennings

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 14, 2019
Filed: December 17, 2019
[Unpublished]

_____

Before KELLY, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Christopher Jennings appeals the district court's[1] sentence of 136 months, following his plea of guilty to one count of conspiracy to distribute controlled substances. At sentencing, the contested issue was the imposition, or not, of a two-level enhancement under United States Sentencing Guidelines Manual § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense. Jennings denied ever possessing a weapon, but the government asserted there was evidence from the confidential informant and other cooperators that Jennings' co-conspirator possessed firearms, and that Jennings himself was at times in possession of a firearm.

The district court found, based upon the government's arguments and the information in the presentence investigation report (PSR), that it was not "clearly improbable" that a weapon was used in the conspiracy, and thus applied the enhancement. See U.S.S.G. § 2D1.1(b)(1) cmt. n. 11(A) ("The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."). The court also stated that it did not intend for this enhancement to ultimately affect the length of Jennings' sentence. After the enhancement, Jennings' Guidelines range would have been 151 to 188 months, but the court granted a joint motion for downward departure based upon overstated criminal history and arrived at a final range of 140 to 175 months. Nonetheless, the district court still varied downward and sentenced Jennings to 136 months in prison. On appeal, Jennings challenges the factual finding that he did, indeed, possess the gun and challenges the substantive reasonableness of the sentence.

Jennings argues that the district court procedurally erred because it did not make a finding that Jennings himself possessed a weapon and that there was no nexus between the conspiracy and the firearm. The district court did not err in finding that the enhancement applied because there was a temporal and spacial relationship

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

between the weapon, (which was in a car outside the residence), the drug activity, and the defendant. Our cases indicate this temporal and spatial relationship is all that is required for the enhancement to be applied. See United States v. Ashburn, 865 F.3d 997, 999-1000 (8th Cir. 2017) (holding that government's required proof of the § 2D1.1(b)(1) enhancement "is 'a very low bar,' as we have repeatedly explained, and '[e]vidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices'") (alteration in original) (quoting United States v. Anderson, 618 F.3d 873, 881-82 (8th Cir. 2010)). Additionally, the government and the PSR referenced witnesses who stated that Jennings handled a firearm. One of those people was a confidential informant whose information was corroborated and considered reliable by law enforcement. The other witnesses placing Jennings in possession of a weapon were cooperating defendants. Our review of the sentencing transcript, the PSR, and the applicable case law indicates that the district court did not procedurally err in applying the possession enhancement.

Given the lack of procedural error, Jennings' substantive challenge is easily disposed of, as we have held, it is "nearly inconceivable" that we will reverse as unreasonable or an abuse of discretion a district court's sentence that is already below the applicable Guidelines range. United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017) (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009)). This is not one of those conceivable situations warranting reversal. We affirm.

_____