# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2440

_____

United States of America

*Plaintiff - Appellee*

v.

Javier Corona-Verduzco

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 17, 2020
Filed: June 24, 2020

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Javier Corona-Verduzco of (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and (2) re-entry of a removed alien after an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On appeal, he argues for the first time that the district court failed to inquire about his past convictions, claiming prejudice because by his

interpretation of the First Step Act, he has only one conviction, not two. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The First Step Act of 2018 amended the law on enhanced sentences under certain statutes, as relevant here, 21 U.S.C. § 841. *See* **First Step Act**, Pub. L. No. 115-391, 132 Stat. 5194, 5220. If a defendant is convicted under 21 U.S.C. § 841(a) for a violation involving "50 grams or more of methamphetamine" and "commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years." **21 U.S.C. § 841(b)(1)(A)(viii)**. "[A]fter 2 or more prior convictions for a serious drug felony or serious violent felony" the mandatory minimum is "not less than 25 years." *Id***.** A "serious drug felony" is defined as an offense for which "the offender served a term of imprisonment of more than 12 months." **21 U.S.C. § 802(57)(A)**.

Before trial, the government filed an *Amended Notice and Information of Intent to Use Prior Convictions to Enhance Punishment*, indicating it would "seek to enhance the punishment . . . pursuant to the new provisions" of the First Step Act. The *Notice* listed two prior convictions for "serious drug felonies" and a corresponding mandatory minimum sentence of 25 years. The convictions were for separate offenses in separate cases consolidated for sentencing. Corona-Verduzco was sentenced on the same day for both offenses to concurrent sentences of 135 months. He appealed the sentences to this court, which modified but affirmed the judgments. *See* **United States v. Corona-Moret**, 256 Fed. Appx. 873, 873-74 (8th Cir. 2007). He now argues that he has only one serious drug felony conviction, not two.

By 21 U.S.C. § 851(b), the district court is required to inquire about past convictions before enhancing a sentence under § 841(b):

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

**21 U.S.C. § 851(b)**. The district court did not inquire about past convictions as required by § 851(b).

A jury convicted Corona-Verduzco. The Presentence Investigation Report determined his minimum term of imprisonment as 25 years based on his two prior convictions. He did not object. In his sentencing memorandum, he stated, "The statutory range of punishment for the Court to consider is not less than twenty-five years and not more than life imprisonment as to count one." At sentencing, he did not object to the Guidelines calculation or the mandatory minimum, which he requested. The court sentenced him to 360 months.

Corona-Verduzco appeals, arguing the district court erred in failing to conduct the § 851(b) inquiry and finding he was subject to the 25-year, rather than 15-year, mandatory minimum.

## II.

The government believes Corona-Verduzco waived his right to the § 851(b) inquiry. Waiver requires the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). "This is to be distinguished from a forfeiture, which is a 'failure to make the timely assertion of a right.'" *United States v. Wisecarver*, 598 F.3d 982, 988 (8th Cir. 2010), *quoting Olano*, 507 U.S. at 733.

The government asserts waiver because Corona-Verduzco did not contest the government's *Notice* indicating its intent to seek an enhanced sentence based on two prior convictions. At a pre-trial conference—the only mention of the *Notice* before, during, or after trial—the government reiterated that Corona-Verduzco faced a minimum of 25 years in prison, and the district court asked defense counsel if he had anything to say about the *Notice*. Defense counsel answered, "No." The district court replied "there's nothing really I would expect you to say. It's just that's a notice that's required to be filed to make sure everybody knows what we're looking at." This colloquy is not an intentional relinquishment or abandonment of the right to a § 851(b) inquiry.

The government also claims waiver because Corona-Verduzco requested the mandatory minimum sentence of 25 years based on his two prior convictions. However, he did so without the benefit of the § 851(b) inquiry. The court never asked whether he affirmed or denied his previous convictions and did not "inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." **21 U.S.C. § 851(b)**. *See United States v. Harrison*, 393 F.3d 805, 808 (8th Cir. 2005) (holding defendant waived his right to object to the sentence because the district court "repeatedly identified the issues, and defense counsel took no action other than to request the sentence given"). Moreover, the court did not impose the requested mandatory minimum sentence. *See United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002) (holding defendant waived appeal by withdrawing all objections and requesting the sentence imposed). Because the court did not discuss the § 851(b) right or impose the requested sentence, there was no waiver.

Corona-Verduzco did not waive, but rather forfeited, his right to the § 851(b) inquiry.

III.

Citing *United States v. House*, the government contends that if Corona-Verduzco did not waive his right to review, this court should review for plain error. *See House*, 923 F.3d 512, 514-15 (8th Cir. 2019) (reviewing for plain error where the district court failed to inquire about the defendant's prior convictions under 21 U.S.C. § 851(b)). However, earlier cases reviewed § 851(b) violations for harmless error. *See United States v. Rounsavall*, 115 F.3d 561, 566 (8th Cir. 1997) ("All courts of appeals which have considered the question presently hold that failure to engage in the colloquy required by section 851(b) is subject to 'harmless error' analysis."). As the later case, *House* does not control. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (holding this court follows the earliest opinion because it "should have controlled the subsequent panels that created the conflict"). Reviewing for harmless error, the government has the burden to show the district court's error did not substantially influence the outcome of the sentencing proceeding. *See United States v. Ashburn*, 865 F.3d 997, 999 (8th Cir. 2017), *citing* **Fed. R. Crim. P. 52(a)** (harmless-error rule); ***United States v. Pirani***, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (burden).

Corona-Verduzco's belief that he served one, not two, terms of imprisonment relies in large part on one statement this court made in his prior appeal. *See **Corona-Moret***, 256 Fed. Appx. at 873. There, this court said he was sentenced to "a 'total' term of 135 months." ***Id.*** He believes this statement—with the singular "a," "total," and "term"—shows he served only one term of imprisonment. However, he ignores that this court also used the plural: there were "sentences . . . in two consolidated cases." ***Id.*** The district court also contemplated two separate terms of imprisonment, imposing terms of 135 months in each case and ordering them to run concurrent to one another. *See* **Judgment in a Criminal Case**, ECF No. 85 at 2, *United States v. Corona-Moret*, No. 4:05-CR-00194 (W.D. Mo. July 13, 2006), (imposing term of imprisonment of 135 months); **Judgment in a Criminal Case**, ECF No. 29 at 2, *United States v. Corona-Moret*, No. 4:05-CR-00368 (W.D. Mo. July 13, 2006) ("The sentence imposed in this case to run current with the sentence imposed in case

number 05-00194-01-CR-W-GAF."), *amended after appeal by* **Amended Judgment in a Criminal Case**, ECF No. 50 at 2 (W.D. Mo. Jan. 11, 2008) (clarifying that the term of imprisonment is 135 months).

Regardless, this court need not focus on an issue that was not before the prior panel because Corona-Verduzco's interpretation is not correct. The Supreme Court has said that the phrase "term of imprisonment" can mean "the sentence that the judge imposes" or "the time that the prisoner actually serves," depending on the context. **Barber v. Thomas**, 560 U.S. 474, 484 (2010). By its plain language, the phrase "the offender served a term of imprisonment of more than 12 months," 21 U.S.C. § 802(57)(A), "almost certainly" refers to the sentence imposed, not the time served. *See id*. at 483 (conceding that, as the petitioners asserted, the words "term of imprisonment" in the phrase "a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life" "almost certainly refer to the sentence imposed, not to the time actually served"), *interpreting prior version of* **18 U.S.C. § 3624(b)(1)**, *before amendments by* **First Step Act**, § 102(b), Pub. L. No. 115-391, 132 Stat. 5194, 5210 (adopting petitioners' position and clarifying that "term of imprisonment" means "sentence imposed by the court"). *See also* **United States v. Means**, 787 Fed. Appx. 999, 1000 (11th Cir. 2019) (referring to "term of imprisonment" as "sentence imposed" in holding that "[a] district court may modify a defendant's *term of imprisonment* if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission" (emphasis added)).

Moreover, the fact that the sentences were imposed concurrently supports that Corona-Verduzco served more than one term of imprisonment. "Concurrent" requires, by law, multiple terms. *See* **18 U.S.C. § 3584(a)** ("Multiple *terms of imprisonment* imposed at the same time run *concurrently*. . . ." (emphasis added)). *Cf*. **18 U.S.C. § 3584(c)** ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated *for administrative purposes* as a single, aggregate term of imprisonment." (emphasis added)). As this court has noted, "concurrent sentences are separate and distinct sentences;" "that the sentences

run concurrently merely means . . . the privilege of serving each day a portion of each sentence." ***Gerberding v. United States***, 484 F.2d 1353, 1355 (8th Cir. 1973) (adopting Ninth Circuit's discussion of concurrent sentences).

Additionally, this court has held that separate offenses in separate cases are two prior convictions under § 841(b)(1)(A). *See **United States v. Gray***, 152 F.3d 816, 821-22 (8th Cir. 1998) (holding that concurrent sentences imposed for the same length of time, on the same day but not part "of a single criminal episode" are separate convictions under § 841(b)(1)(A)). Other circuits agree: "Two prior felony drug convictions should be treated as one *if and only if* the conduct underlying both convictions was part of a 'single criminal episode.'" ***United States v. Powell***, 404 F.3d 678, 682 (2d Cir. 2005) (reviewing concurrent, identical-length sentences, and agreeing with *Gray* and similar cases from five other circuits). *See **United States v. Beckstrom***, 647 F.3d 1012, 1017 (10th Cir. 2011) (agreeing with the quoted *Powell* proposition, like all other circuits "to have considered the issue").

Corona-Verduzco argues *Gray* (and similar cases) "have no bearing on this novel issue" because they were decided before the First Step Act. But, while the Act reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute. *See*, *e.g.*, **21 U.S.C. §§ 802(13)** (definition of "felony")**, 841(a)** (unlawful acts)**, 851** (proceedings to establish prior convictions). Because the purpose of the statute is to target recidivism, *Gray* and similar cases are relevant to the interpretation of "term of imprisonment." *See **Gray***, 152 F.3d at 821 ("The structure of this section [§ 841(b)] indicates that the purpose of this statute is to target recidivism . . . a legitimate and long-held goal of our criminal justice system."). *See also **Etchu-Njang v. Gonzales***, 403 F.3d 577, 582 (8th Cir. 2005) (interpreting unchanged part of statute to include the interpretation adopted by "[a]t least seven circuits"), *citing **Cannon v. University of Chicago***, 441 U.S. 677, 696-97 (1979) (interpreting statute based on decisions by "at least a dozen other federal courts" because "[i]t is always appropriate to assume that our elected representatives, like other citizens, know the law").

Finally, Corona-Verduzco makes a brief plea for the rule of lenity. However, that rule applies only if, "after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber*, 560 U.S. at 488 (cleaned up). On the facts here, the rule does not apply. *See Burgess v. United States*, 553 U.S. 124, 135-36 (2008) (not applying the rule of lenity to the definition of the First Step Act's predecessor term "felony drug offense").

Because Corona-Verduzco received and served "a term of imprisonment of more than 12 months" for two serious drug felonies—even though he served them concurrently—he has two, not one prior convictions. A § 851(b) inquiry would not have changed his mandatory minimum. The § 851(b) error is harmless.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____