**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4303**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TRAVIS RYAN SKAGGS,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia at Big Stone Gap. James P. Jones, Senior District Judge. (2:19-cr-00006-JPJ-PMS-20)

Argued: December 8, 2021                    Decided: January 18, 2022

Before HARRIS, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by published opinion. Judge Harris wrote the opinion, in which Judge Rushing and Judge Heytens joined.

**ARGUED:** Dana Roger Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant. Jennifer R. Bockhorst, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee. **ON BRIEF:** Daniel P. Bubar, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

PAMELA HARRIS, Circuit Judge:

Travis Ryan Skaggs appeals his 180-month sentence for a controlled-substance offense. In imposing that sentence, the district court applied an enhancement based on a prior conviction for a "serious drug felony," defined by the First Step Act to include only those offenses for which a defendant has "served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(57)(A). According to Skaggs, his 26-month sentence for the prior offense at issue does not qualify under this provision because he served it concurrently with five other sentences of equal length. We disagree and affirm the sentence imposed by the district court.

## I.

## A.

We begin with the statutory provisions that govern Skaggs's sentence. Skaggs was convicted of possessing and conspiring to possess methamphetamine with intent to distribute. Under the Controlled Substances Act, his conviction normally would be punishable by a term of imprisonment of ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846. But Skaggs was sentenced under a provision that increases the minimum sentence for such an offense to 15 years if a defendant has a prior and final conviction for a "serious drug felony," and again to 25 years if there are two such predicates. *See id.* § 841(b)(1)(A)(viii).

The term "serious drug felony" was introduced and defined by the First Step Act of 2018, Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5220. Its definition incorporates

certain controlled-substance offenses, *see* 21 U.S.C. § 802(57) (incorporating offenses "described in section 924(e)(2) of title 18"),[1] and then adds two requirements. The first is the one at issue here: that the prior offense be one for which "the offender served a term of imprisonment of more than 12 months[.]" *Id.* § 802(57)(A). That term of imprisonment also must have ended within 15 years of the commencement of the new offense, *see id.* § 802(57)(B), a requirement uncontested in this case.

**B.**

In May 2019, Skaggs was indicted, along with 20 others, in a 39-count indictment. Two counts related to Skaggs, charging him with possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and a related conspiracy offense under 21 U.S.C. §§ 841(b)(1)(A) and 846.

Later that year, the government notified Skaggs, as required by statute, that it intended to seek a sentencing enhancement under § 841(b)(1)(A). *See id.* § 851(a)(1) (requiring government to provide notice through information of intent to seek enhancement). It identified as a predicate one prior "serious drug felony": a July 2015 Virginia conviction for distributing a schedule-III controlled substance, in violation of Va. Code Ann. § 18.2-248. In light of that conviction, the government stated, Skaggs would

---

[1] With respect to prior state drug convictions, 18 U.S.C. § 924(e)(2)(A)(ii) describes offenses involving "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" that have a "maximum term of imprisonment of ten years or more." It is undisputed that the prior conviction at issue here falls within this description.

face a mandatory minimum sentence of 15 years' imprisonment if convicted of the conspiracy offense charged in the indictment.

After reaching a plea agreement with the government, Skaggs pleaded guilty to the two counts against him. Under the parties' agreement, Skaggs conceded the fact of his 2015 Virginia drug-distribution conviction but reserved the right to challenge whether it qualified as a "serious drug felony" for purposes of § 841(b)(1)(A)'s sentencing enhancement, both at sentencing and on appeal.

Before the district court, Skaggs opposed the enhancement on one ground: that he had not "served a term of imprisonment of more than 12 months," *see* 21 U.S.C. § 802(57)(A), on his Virginia drug-distribution conviction. Skaggs did not dispute that the state court sentenced him to 26 months' imprisonment for his drug-distribution offense. *See* J.A. 91 (state-court record showing sentence of ten years with 94 months suspended). But, Skaggs pointed out, at the same time it sentenced him on that conviction, the state court imposed five other 26-month sentences for five other offenses – none of which separately qualified as a § 841(b)(1)(A) predicate – with all six sentences running concurrently. *See id.* at 91–92 (identifying concurrent sentences). It followed, Skaggs claimed, that he served just one "single term of imprisonment" for all six offenses. *Id.* at 100. And that meant, Skaggs finished, that while the "nominal" sentence for his drug-distribution offense was greater than 12 months, he had not actually served a sentence of more than 12 months on that offense alone. *Id.* at 89, 99–100.

The government disagreed, arguing that Skaggs misunderstood the nature of concurrent sentences. The state court did not impose a single 26-month sentence to be

4

divided among all six of Skaggs's offenses, the government explained. Instead, it imposed separate terms of imprisonment of 26 months "for *each* of the six offenses included in the sentencing order," to be served simultaneously. *Id.* at 96. Because Skaggs served a term of more than 12 months on his drug-distribution conviction, the government concluded, that offense qualified as a predicate "serious drug felony."

After hearing argument at sentencing, the district court adopted the government's view as presented in its brief. Because Skaggs's 2015 Virginia drug-distribution conviction was a "serious drug felony," Skaggs's mandatory minimum on his conspiracy charge increased from ten to 15 years – or from 120 to 180 months – under §§ 841(b)(1)(A) and 846, and his Guidelines sentencing range increased as well, to between 180 and 188 months. The district court sentenced Skaggs to a term of 180 months' imprisonment on each count against him, to be served concurrently, followed by ten years' supervised release on each count, also to run concurrently.

Skaggs timely appealed.

## II.

Skaggs raises on appeal the same objection he advanced in the district court: that his 2015 Virginia drug-distribution offense is not a predicate "serious drug felony" for purposes of a sentencing enhancement under § 841(b)(1)(A) because he did not "serve[] a term of imprisonment of more than 12 months" for that offense. 21 U.S.C. § 802(57)(A). Skaggs concedes, as he must, that he was sentenced to 26 months' imprisonment for his drug-distribution conviction. But because he served that sentence while also serving five

5

other concurrent sentences, Skaggs contends, no sentence of more than 12 months attached specifically to his drug-distribution conviction. And while the precise nature of Skaggs's argument is difficult to pin down, he emphasizes on appeal the theory that his "single term of imprisonment" of 26 months should be divided by the six offenses for which he was simultaneously and concurrently sentenced, so that he would have served only 131.67 days – well under the requisite 12 months – for his drug-distribution offense.

We review Skaggs's claim de novo, *see, e.g.*, *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014),[2] and like the district court, we disagree. Skaggs's novel theory cannot be reconciled with fundamental tenets of sentencing law, under which concurrent sentences remain separate and distinct terms of imprisonment even though they are served simultaneously. That is clear from the federal statute authorizing concurrent sentences, described as "*[m]ultiple terms* of imprisonment imposed at the same time," 18 U.S.C. § 3584(a) (emphasis added), and not the single, aggregate term of imprisonment hypothesized by Skaggs. The common meaning of the term "concurrent sentence" – "*[t]wo or more* sentences of jail time to be served simultaneously" – is to the same effect. *See Sentence*, Black's Law Dictionary (11th ed. 2019) (emphasis added). Skaggs was

---

[2] The government argues that Skaggs did not preserve this "divisibility" theory before the district court. But because it was addressed by the government and the district court at sentencing and is adequately presented on appeal, the government also urges us to excuse Skaggs's purported waiver and review the question de novo. *See, e.g.*, *Manning v. Caldwell*, 930 F.3d 264, 271 (4th Cir. 2019) (discussing our "discretion to excuse a party's abandonment of an issue when the record provides an adequate basis" for consideration and there is no prejudice to any party). Given the government's express "waiver of the waiver," *United States v. Metzger*, 3 F.3d 756, 757 (4th Cir. 1993), we need not resolve whether Skaggs fully preserved his claim or waived some part of his argument.

sentenced, in other words, not to one undifferentiated 26-month prison term covering six offenses, but to six separate 26-month terms – served simultaneously, to be sure, but each served in its entirety.

Judicial decisions reflect this common-sense understanding. One other court of appeals has considered a claim similar to Skaggs's – that two sentences of over 12 months did not qualify as two separate "serious drug felon[ies]" because they were served concurrently – and rejected it, holding that "concurrent sentences are separate and distinct sentences" which "require[], by law, multiple terms." *United States v. Corona-Verduzco*, 963 F.3d 720, 724 (8th Cir. 2020) (internal quotation marks omitted). Our case law, though it has not addressed this question directly, is consistent: In determining whether multiple prior convictions should be treated as one predicate or more for purposes of § 841(b)(1)'s enhancements, we have considered only whether those prior convictions "arose from a single act of criminality" and not whether the defendant served concurrent sentences for them. *See, e.g.*, *United States v. Ford*, 88 F.3d 1350, 1365 (4th Cir. 1996) (holding that two drug-distribution convictions each qualified as separate predicates even though the defendant served the sentences concurrently); *see also United States v. Powell*, 404 F.3d 678, 682–83 (2d Cir. 2005) (finding the fact that a defendant served concurrent sentences "irrelevant" to this inquiry).

Moreover, as the government explains, the concurrent sentence doctrine – which we have adopted expressly and apply routinely, *see, e.g.*, *United States v. Charles*, 932 F.3d 153, 159–61 (4th Cir. 2019) (explaining doctrine) – rests squarely on the premise that concurrent sentences, though served simultaneously, remain separate and discrete. Under

7

that doctrine, we may decline to review a sentencing claim "where the challenged sentence runs concurrently with a valid sentence of an equal or greater duration," so that even a successful appeal would have no effect on a defendant's actual prison term. *Id.* at 160. But if concurrent sentences merged into a single and unified term of imprisonment, as Skaggs would have it, then this doctrine would make no sense, because a reversal on one concurrent prison term would affect the whole sentence – perhaps, as Skaggs suggests, leading to a *pro rata* reduction for the percentage of the term allotted to the invalid sentence. The concurrent sentence doctrine is sustainable, in other words, because and only because concurrent terms of imprisonment remain independent of each other.

To this consistent authority, Skaggs offers two main responses.[3] First, he relies on a phrase from the Eighth Circuit's *Corona-Verduzco* decision to argue that a defendant serving concurrent sentences serves only "a portion of each sentence," *see* 963 F.3d at 724 (internal quotation marks omitted), so that here, he would have served only one-sixth of the 26-month sentence for his Virginia drug-distribution conviction. But Skaggs's excerpt omits crucial context: *Corona-Verduzco* in fact held that "concurrent sentences are separate and distinct sentences," and went on to explain that their concurrent nature

---

[3] Skaggs also alludes several times to Virginia law, suggesting some uncertainty as to how concurrent sentences like his would be calculated or treated under state law. To the extent that state law might bear on the question here, *see Johnson v. United States*, 559 U.S. 133, 138 (2010) (explaining role of state law in applying federal sentencing enhancements) – a question we need not decide – there appears to be no authority, and Skaggs has offered none, indicating that Virginia's approach to concurrent sentences departs from the understanding outlined above, *see, e.g.*, *Smith v. Commonwealth*, 706 S.E.2d 889, 891 (Va. 2011) (discussing "concurrent *terms* of five years' imprisonment for each offense" (emphasis added)).

"merely means" that the defendant has "the privilege of serving each day a portion of each sentence." *Id.* (quoting *Gerberding v. United States*, 484 F.2d 1353, 1355 (8th Cir. 1973)). Skaggs, in other words, served one day of each of his six concurrent prison terms on each day of his sentence, so that at the end, he had fully served each of his six 26-month sentences.

Skaggs also argues that the text of § 802(57)(A), which requires that a defendant have "*served* a term of imprisonment of more than 12 months," means that our focus must be on the sentence actually served by a defendant, as opposed to the sentence imposed by the court. For instance, he explains, a defendant sentenced to 13 months' imprisonment who receives good-time credit and secures release after 11 months may have been *sentenced* to a term of more than 12 months but has not *served* a qualifying sentence under § 802(57)(A). We need not resolve that question here, because Skaggs is not such a defendant. There is nothing in the record to suggest that Skaggs served anything other than the full 26 months of his sentence for drug distribution, and Skaggs has never argued – before the district court or on appeal – that this 26-month sentence later was shortened to 12 months or less. So whether we look to the sentence imposed or the sentence "served," the result is the same: Skaggs "served a term of imprisonment of more than 12 months" on his Virginia drug-distribution conviction, notwithstanding its concurrent nature, and thus qualified for § 841(b)(1)(A)'s enhanced mandatory-minimum sentence of 180 months.

9

## III.

For the reasons given above, the judgment of the district court is affirmed.

*AFFIRMED*