**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4247**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ANTONIO FLANAGAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00218-FDW-DCS-2)

Submitted:  October 5, 2022                     Decided:  December 30, 2022

Before WYNN and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant.  Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, Defendant-Appellant Timothy Antonio Flanagan received a five-year suspended sentence for state firearm and drug offenses. In 2011, he received a five-year active sentence for a state drug-trafficking offense. Also in 2011, his probation related to his 2007 conviction was revoked, and that sentence activated to run concurrently with his newly imposed 2011 sentence. In 2019, he pled guilty to new federal drug-related charges. The presentence report relating to the 2019 offenses ascribed to Flanagan ten criminal-history points. Three of those points related to his 2007 conviction. He objected to their inclusion in his criminal-history calculation, arguing that, because the sentence relating to his 2007 conviction activated to run concurrently with the sentence relating to his 2011 conviction, he did not "actually serve[] a period of imprisonment" relating to his 2007 conviction for purposes of the Sentencing Guidelines. U.S.S.G. § 4A1.2, cmt. n.2. The district court rejected his argument, determining that both his 2007 and 2011 offenses were active sentences for which he served time—despite their concurrent nature.

Flanagan now appeals, contending that the district court erred in ascribing criminal-history points for the 2007 sentence. When an appeal challenges an application of the Sentencing Guidelines, we "must determine whether the sentence is procedurally reasonable." *United States v. Velasquez-Canales*, 987 F.3d 367, 369 (4th Cir. 2021) (citing *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019)). "In determining procedural reasonableness, we consider, among other things, whether the [district court] properly determined the Sentencing Guidelines range." *Id.* at 370–71 (alteration in original) (quoting *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir. 2018)). "[W]e review factual

2

findings for clear error and legal conclusions de novo." *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (citing *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010)).

In calculating a criminal-history category, three points should be added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). The Guidelines define "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). "In the case of a prior revocation of probation, . . . [the district court should] add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a) . . . ." *Id.* § 4A1.2(k)(1). The Guidelines commentary clarifies that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." *Id.* § 4A1.2 cmt. n.2.

We are not persuaded by Flanagan's argument that he did not actually serve time for his activated 2007 conviction because it was effectively subsumed by his concurrent 2011 sentence. This Court's recent decision in *United States v. Skaggs* is directly on point. 23 F.4th 342 (4th Cir. 2022). There, we considered the nature of days spent serving concurrent sentences, concluding that an incarcerated person "serve[s] one day of each of his . . . concurrent prison terms on each day of his sentence." *Id.* at 346. Thus, at the conclusion of Flanagan's five-year term of incarceration for the concurrent 2007 and 2011 convictions, he had "fully served" each of these discrete sentences—not just one or the other. *Id.* Consequently, Flanagan "actually served a period of imprisonment" relating to

3

his 2007 conviction, regardless of its concurrent nature.  U.S.S.G. § 4A1.2 cmt. n.2.  The district court committed no legal error in reaching that conclusion, and it properly determined Flanagan's Sentencing Guidelines range by including the 2007 conviction in its criminal-history-score calculation—rendering his ultimate sentence procedurally reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*