# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1221
_____

United States of America

*Plaintiff - Appellee*

v.

Norman Thurber

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 16, 2025
Filed: September 19, 2025
[Unpublished]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Norman Thurber appeals after this court affirmed his convictions and remanded to the district court[1] solely for the consideration of his standard conditions of

_____

[1] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

supervised release. See United States v. Thurber, 106 F.4th 814, 832-34 (8th Cir. 2024), cert. denied, 145 S. Ct. 1071 (2025). His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging one standard condition imposed by the district court and arguing Thurber was denied his right to allocution on remand. Thurber has filed a pro se brief additionally challenging the length of his supervised-release term and certain mandatory and special conditions imposed by the court.

Upon careful review, we conclude the district court did not err in requiring that Thurber live in a place approved by probation. See United States v. Sterling, 959 F.3d 855, 861 (8th Cir. 2020) (reversal not required if basis for imposed condition can be discerned from record). Further, even assuming that Thurber had a right to allocution on remand, he has not presented information about what he would have said that might have changed the outcome. See United States v. Thurmond, 914 F.3d 612, 614-15 (8th Cir. 2019) (plain-error standard of review). Additionally, any challenges to the length of Thurber's supervised-release term and certain mandatory and special conditions are not properly before this court in this appeal after the limited remand. See United States v. Walterman, 408 F.3d 1084, 1085-86 (8th Cir. 2005) (in appeal following limited remand, refusing to consider issues outside of scope of remand).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. We note, however, that the written amended judgment failed to indicate that the portion of a mandatory condition requiring drug testing was suspended, in conflict with the district court's oral pronouncement that it would do so. We thus modify the written amended judgment in part to reflect a suspension of the drug testing requirement. See 28 U.S.C. § 2106; United States v. Raftis, 427 F.2d 1145, 1146 (8th Cir. 1970) (per curiam) (oral pronouncement prevails over contrary judgment); United States v. Corona-Moret, 256 Fed. Appx. 873, 873-74 (8th Cir. 2007) (unpublished per curiam)

(modifying written judgment that conflicted with plain intent of sentencing pronouncement).

Accordingly, we modify the judgment, affirm the amended judgment as modified, and grant counsel's motion to withdraw.

_____